THE STATE v. SCOTT.

1. **Practice**: CONTINUANCE: DILIGENCE. Facts considered which were held to constitute sufficient diligence to obtain the testimony of absent witnesses to entitle the party asking therefor to a continuance.

*Appeal from Dubuque District Court.*

THURSDAY, SEPTEMBER 21.

DEFENDANT was indicted for the crime of murder in the first degree, was tried and convicted for murder in the second degree, and sentenced to the penitentiary for thirteen years, from which judgment he appeals. The further facts are stated in the opinion.

*Pollock & Shields*, for appellant.

*M. E. Cutts*, Attorney General, for the State.

ROTHROCK, J.—I. The defendant was indicted at the December Term, 1874. He was then confined in the jail of Dubuque county, and there remained until after his trial, conviction and sentence, in March, 1875. At the February Term of the court the defendant moved for a continuance of the cause, alleging as ground therefor the absence of two witnesses,

named Scott and Jackson. The motion for continuance was supported by the affidavit of defendant, which contained a full and explicit statement of the efforts made by defendant and his counsel to procure the attendance, or the depositions of said witnesses, and also a particular statement of facts to which said witnesses would testify if present. Objection was made to this application, on the ground mainly that no sufficient showing of diligence to procure the testimony of said witnesses was made, which objection was sustained. The defendant then amended his application, making it still more explicit, to which objections were. filed and sustained, and defendant excepted.

The alleged crime was committed on the steamer Rock Island on the Mississippi river, and the witnesses to the transaction were mainly boatmen. The defendant's application for continuance shows that, during the winter of 1874, after he was indicted, the Mississippi river was closed by ice so that navigation was suspended to a point below St. Louis; that during the winter season the said Scott and Jackson usually were engaged on boats running from St. Louis south, but that owing to the fact that the river was closed below St. Louis, they were engaged south of that point. The affidavit recites that defendant, soon after he was indicted, wrote letters to St. Louis to said witnesses, and to one Armstrong, to ascertain their whereabouts; that he received no answer from said witnesses, but that Armstrong answered that the river below was closed by ice, and that said witnesses were somewhere south of St. Louis engaged in their business of boating. The defendant then addressed letters to said witnesses at Memphis, Vicksburg, and New Orleans, inquiring if they could be present at his trial, or if not, where a commission could reach them for the purpose of taking their testimony. To these letters he received no answer. Defendant's affidavit further shows that he kept up a constant correspondence with said Armstrong at St. Louis (who had promised to aid him in that behalf), urging him to see or communicate with said witnesses, and that on the 1st day of February, 1875, he received information from St. Louis that navigation was about to be resumed

to that point, and that said witnesses would probably be there soon, and, thereupon, being without money to pay the fare of said witnesses to Dubuque, the necessary interrogatories to be propounded to said witnesses were sent to a notary public in St. Louis, with instructions to take the depositions of said witnesses, and that said notary and said Armstrong had been endeavoring to find said witnesses and had not yet succeeded. The affidavit and amended affidavit are quite voluminous, and we have given only some of the facts relied on as showing diligence in endeavoring to procure the testimony of said witnesses. Taken all together we are of opinion, conceding the affidavits to be true, which must be done in an application for continuance, that a stronger showing of diligence, under the circumstances, could not well have been made.

It was not claimed that the application for continuance did not show that said witnesses would give material evidence in the case. On the contrary, assuming that the witnesses would testify as stated in the application, and that the statements were true, the defendant was not guilty of any crime, but was excusable for the homicide on the ground of self-defense.

In our judgment the motion for continuance should have been sustained, and cause continued to the next term, in the absence of an admission on the part of the State that the witnesses, if present, would testify as claimed, in which case the affidavit of defendant could have been used as the testimony of the absent witnesses.

II. Exceptions are taken to certain instructions given by the court to the jury, and to the refusal to give instructions asked by defendant. It may be conceded that some of the instructions are erroneous, and yet as it is not shown that all that were given are contained in the record before us, it is impossible to determine that the alleged errors in those given, and in the refusal to give others, were not entirely obviated by others given by the court and not here presented.

The record contains the court's instructions numbered from three to eight, inclusive, and no reference is made to any

others. Whether others were or were not given, we have no means of determining. But as the cause must be reversed for error in overruling the motion for continuance, and as the alleged errors in instructions will not likely occur on a new trial, it is unnecessary to give them further notice.

REVERSED.